IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EDDIE HIPP, JANET SAULS, and
JAMES SAULS                                                                           PLAINTIFFS

VERSUS                                                       CAUSE NO.:  2:09CV12-SA-DAS

BL DEVELOPMENT CORP.                                                          DEFENDANT

**ORDER**

This matter is before the court on motion of the defendant to strike portions of expert opinions of plaintiffs' treating physicians (# 36). Having considered the motion and the response thereto, the court finds as follows:

**I.     FACTS**

In the present action, the parties agreed to postpone the depositions of the plaintiffs' treating physicians because they were considering surgery and still undergoing treatment for the injuries they sustained in the bus accident at issue. On October 1, 2009, the plaintiffs designated treating physicians Drs. Joseph Tobin and Craig Floyd. These designations provided the opinions of the treating physicians and were specific enough that the defense was able to craft specific objections to them. The discovery deadline expired on January 4, 2010 at which time the plaintiff Janet Sauls added Dr. Charles Nivens as a treating physician. The failure to designate Dr. Nivens earlier was based at least in part on Mrs. Sauls' failure to inform counsel of her referral. On January 19, 2010, the defendant filed the present motion to strike, arguing the designations were both inadequate and untimely. In their response, the plaintiffs argued that, while they felt the designations were adequate, out of an abundance of caution they

1

supplemented their expert designations on January 26, 2010. By agreement of the parties, the physicians have not yet been deposed.

## II. DISCUSSION

Uniform Local Rule 26.1(A)(2)(d) provides that, "a party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and opinionS held by the treating physician(s) and a summary of the grounds therefore." Additionally, the Fifth Circuit has enumerated factors to be considered when looking to a motion to strike an expert designation and noted that when a designation violates the mandates of Rule 26, the court *may* strike the designation. Those factors are: (1) the respondent's explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-883 (5th Cir. 2004).

Defendants rely heavily on *Robbins v. Ryan's Family Steak Houses E., Inc*., 223 F.R.D. 448 (S.D. Miss. 2004), where the court granted a motion to strike plaintiffs' expert witnesses based on inadequate expert designations. In the *Robbins* case, however, the plaintiffs' initial expert designations contained only the names and addresses of six medical doctors and the supplemental responses were, "over six months after plaintiffs' expert designation deadline, over three months after the discovery cutoff deadline, only eight days before the pre-trial conference and only about one month before the beginning of the trial." *Robbins,* 223 F.R.D. at 451. In making its decision, the *Robbins* court looked to the factors enumerated in *Hamburger* and found the failure to justify the respondent's delinquency along with the prejudice to the movant on the eve of trial supported a decision to exclude the testimony. *Id*. at 453-454. After considering the

factors enumerated in *Hamburger*, the court finds the present action far different than that faced by the *Robbins* court. The court will, therefore, address those factors as they apply to the present action in turn.

A. James Sauls

On October 1, 2009 James Sauls designated treating physician Dr. Joseph Tobin. At that time, the plaintiff explained Dr. Tobin would testify that Sauls suffered permanent injuries, would be entitled to permanent impairment rating, would be entitled to permanent restrictions, and that future medical procedures and expenses, including, but not limited to, surgical repair were going to be necessary. The specifics as to the impairment rating, the restrictions, and the type of surgery were not given because Sauls was contemplating surgery at the time. In light of the motion to strike and an agreement between both parties to take depositions outside of the discovery deadlines, his designation has been supplemented and he is prepared to offer further specifics at his deposition. There has been open communication between the parties and there does not appear to be any attempt by the plaintiff to delay discovery or prejudice the defense.

1. Explanation for failure to designate the witness

Mr. Sauls' treating physician Dr. Tobin was listed in the initial disclosures as early as April 2009. He was later disclosed as an expert in the October 1, 2010 plaintiffs' designation of experts. At issue is the specificity of those designations. Mr. Sauls explains that while he believes the designation was sufficient, any failure to provide more specific information was based on his' ongoing treatment and continued contemplation of surgery. The court finds this explanation sufficient, and more importantly, any prejudice may be cured by deposition.

2. The importance of the testimony at issue

3

The testimony offered by Dr. Tobin as the plaintiff's treating physician leans heavily in favor of allowing the testimony. Clearly, the plaintiffs' damages will be defined to a great degree by the testimony as to future medical care and medications. Indeed, these damages likely include the vast bulk of his damages, and as such, the court is not inclined to punish the party for any inadvertent actions of his counsel.

3. Prejudice to the movant

As noted, the plaintiffs designated Dr. Tobin with enough specificity that the defense was able to make specific objections. Also as noted, any prejudice alleged by the defendants can be cured with deposition testimony. Finally, the court recognizes that where a treating physician's deposition has not been taken, this will generally favor the plaintiff. *Controneo v. Shaw Environmental and Infrastructure, Inc*. 2007 W.L. 27775, *2 (S.D. Tex. 2007). This is clearly different from the facts in *Robbins*, where the defendants had concluded depositions and discovery and were thirty days from trial. Because the parties agreed to take the depositions out of time, and because the defendants were aware of Dr. Tobin and essentially what he would provide, the court finds little prejudice to the defendants.

4. Availability of a Continuance

The plaintiffs do not believe that a continuance is necessary but will not object to one. The defendants note that a continuance should not be used to reward delinquency. However, the court understands that any delay in Dr. Tobin's expert report was due to miscommunication between the parties and a good faith belief that the designation proffered was sufficient. Additionally, because depositions are still to be taken, no continuance appears necessary.

B. Plaintiff Janet Sauls

Like her husband, Janet Sauls designated her treating physician, Dr. Tobin, on the October 1, 2009 deadline. The *Hamburger* factors as applied to Dr. Tobin's testimony for Mr. Sauls apply to his wife's designation almost identically. The only divergence is that Ms. Sauls was not considering surgery. Mrs. Sauls was, however, still being treated by Dr. Tobin at the time of his designation. Because Dr. Nivens does not treat Mr. Sauls and his designation differed from that of Dr. Tobin, the Court will look to the *Hamburger* factors as they apply to the late designation of Dr. Nivens.

1. Explanation of failure to identify the witness

Mrs. Sauls was referred to Dr. Nivens shortly before the designation of experts was required. There appeared to be a misunderstanding between plaintiffs' counsel and Mrs. Sauls regarding the identity of the treating physician. Believing the treating physician referenced by Mrs. Sauls to be Dr. Tobin, Dr. Nivens was not disclosed on October 1, 2009. However, once this miscommunication was discovered Dr. Nivens was immediately disclosed to opposing counsel. Again, the court finds this explanation sufficient, and the court also notes there does not appear to be any prejudice to the defendant. As discussed *supra*, if there does happen to be any minor prejudice, such prejudice can surely be cured at the deposition.

2. Importance of the testimony

As with Dr. Tobin's testimony, Dr. Nivens' opinions will be critical to any recovery sought by Mrs. Sauls. His testimony will be important for establishing her need for future medical needs and damages. Such critical testimony clearly favors the respondent.

3. Prejudice to the movant

While Dr. Nivens was not designated until long after the deadline to do so had passed, the

explanation was sufficient. Moreover, the Dr. Nivens designation makes it clear that his testimony is very similar to that of Dr. Tobin. The facts of this case are straightforward. The defendants cannot contend they are surprised by any of the opinions being offered. And again, any prejudice can certainly be cured at the upcoming deposition.

4. Availability of a continuance

For the same reasons explained with regard to Dr. Tobin, the court does not think that a continuance is needed. Defendants agreed with the plaintiffs to take the depositions of treating physicians outside of discovery. Any evidence needed in addition to the supplementations will be gotten at the depositions, and thus, a continuance is simply not relevant.

Finally, as to Dr. Craig Floyd, the court notes that the defendant moved to exclude his opinions just as it did with the opinions of Drs. Tobin and Nevins. In their response, the plaintiffs did not address the designation of Dr. Floyd, and thus, the court takes that as conceding the motion.

C. Plaintiff Eddie Hipp

As to plaintiff Eddie Hipp's treating physician, the motion is moot, because Mr. Hipp has decided not to move forward with these depositions.

IV. Conclulsion

It is clear there has been open communication between counsel for both sides in this action, and the court has no reason to believe that any shortcomings in the expert designations were a result of anything other than a misunderstanding between counsel and/or their clients. It is likewise clear to the court that the events leading to the present motion were caused in large part because of an extended discovery schedule to which all counsel had agreed. Finally, these

6

events were not the result of bad faith or negligence of the part of plaintiffs' counsel, and thus, the court finds the motion is not well taken, and it shall be denied.

IT IS, THEREFORE, ORDERED that the defendants' motion to strike the testimony of plaintiffs' treating physicians (# 36) is hereby GRANTED IN PART AND DENIED. The motion is granted as to Dr. Craig Floyd's opinion testimony and as to opinion testimony offered as to Eddie Hipp's condition. The motions is denied as to the opinion testimony of Dr. Tobin and Nevins as they pertain to the plaintiffs, Janet and James Sauls.

**SO ORDERED**, this the 11th day of March 2010.

/s/David A. Sanders
UNITED STATES MAGISTRATE JUDGE